IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SARAI AGUILAR,<br><br>    PLAINTIFF,<br><br>VS.<br><br>TEXAS FARMERS INSURANCE COMPANY,<br><br>    DEFENDANT. | CASE NO. 7:21-cv-0449 |

**TEXAS FARMERS INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company ("Texas Farmers" and/or "Defendant"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States"[3] at the expense of the United States Treasury,[4] for the purpose of responding to Plaintiff's First Amended Original Petition and Request for Disclosure (the "Amended Petition") and asserting Affirmative Defenses thereto, to wit:

**I. Discovery**

The allegations contained in the first paragraph of Section I of the Amended Petition are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact

---

[1] *See* 42 U.S.C. § 4001, *et seq.*; *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland*, 143 F.3d at 953.
[4] *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

and/or law. Further, as this matter arises out of the claims handling of an NFIP Standard Flood Insurance Policy ("SFIP"), federal law applies, not state law. As such, discovery would be conducted pursuant to the Federal Rules of Civil Procedure.

The allegations contained in the second paragraph of Section I of the Amended Petition, including subparts (1) through (8) are admitted in part and denied in part. The allegations are admitted only to the extent that Texas Farmers is a company doing business in the State of Texas. Answering further, at all times pertinent herein, Texas Farmers was (and is) acting in its capacity as a WYO Program carrier. All remaining allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

## II. Jurisdiction and Venue

The allegations contained in Section II of the Amended Petition are admitted in part and denied in part. It is admitted that the policy at issue is an NFIP SFIP. As such, jurisdiction is exclusive to federal court pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). Answering further, venue is proper in the United States District Court wherein the property is located, namely the Southern District of Texas, McAllen Division. All remaining allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

## III. Facts

The allegations contained in Section III of the Amended Petition are admitted in part and denied in part. It is admitted that Texas Farmers, in its capacity as a WYO Program carrier, issued SFIP number 87056204402020 to Plaintiff for the property located at 1337 Tanya Tucker Dr., Edinburg, Texas, 78541, which was in effect from August 9, 2020 to August 9, 2021 and that Plaintiff reported the loss that allegedly occurred on or about August 27, 2020; however, the extent

of the flooding and scope of NFIP coverage is disputed. Answering further, Texas Farmers avers that the SFIP at issue, which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*. All remaining allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### IV. Conditions Precedent

The allegations contained in Section IV of the Amended Petition are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### V. Breach of Contract

The allegations contained in Section V of the Amended Petition are admitted in part and denied in part. It is admitted that Texas Farmers, in its capacity as a WYO Program carrier, issued an SFIP to Plaintiff for the property at issue and that the subject property sustained some damage from flooding; however, the extent of the flooding and scope of NFIP coverage is disputed. Answering further, Texas Farmers avers that the SFIP at issue, which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*. All remaining allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### VI. Second Cause of Action DTPA Violations

The allegations contained in Section VI of the Amended Petition, including subparts (a) – (d) are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### VII. Unfair Insurance Practices

The allegations contained in Section VII of the Amended Petition, including subparts (1) – (8)(a) through (e), are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### VIII. Breach of the Duty of Good Faith and Fair Dealing

The allegations contained in Section VIII of the Amended Petition are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### IX. Texas Insurance Code 542, Subchapter B Delay in Payment

The allegations contained in Section IX of the Amended Petition, including subparts (a) – (b), are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### X.

The allegations contained in Section X of the Amended Petition, including subparts (1) – (6), are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### XI. Exemplary Damages

The allegations contained in Section XI of the Amended Petition are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

## XII.

The allegations contained in Section XII of the Amended Petition are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

### XIII. Jury Demand

As this matter involves a breach of contract claim arising under an NFIP SFIP and because U.S. Treasury funds are at issue, a jury trial is not available to Plaintiff. As such, Plaintiff's request for a jury trial is denied.

### XIV. Request for Disclosure

State procedural law is inapplicable to this matter as the Federal Rules of Civil Procedure and this Court's Rule 16 Scheduling Order dictate this NFIP SFIP matter. As such, the request is denied.

**AND NOW, IN FURTHER ANSWER, COMES** Defendant, Texas Farmers, to submit the following Affirmative Defenses to Plaintiff's First Amended Petition:

### 1. NO CAUSE OF ACTION

Plaintiff's First Amended Petition fails to state any claims upon which relief may be granted by this Honorable Court.

### 2. NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that Plaintiff seeks any recovery from Texas Farmers under federal law beyond what is provided for in the text of the SFIP, Texas Farmers affirmatively asserts that no right of action exists.

### 3. THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Texas Farmers, to the insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the insured has no cause to complain of the strictures of the NFIP, for she agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

### 4. CHARGED WITH KNOWLEDGE AND NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiff is charged with knowledge of the terms and conditions of the NFIA, NFIP and SFIP. *See Fed. Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. § 61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiff is charged with knowing all the terms and conditions of FEMA's published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins. *Heckler*, 467 U.S. at 63. Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7) and (8); *see also*, *Heckler*, 467 U.S. at 63; *Richmond Printing LLC v. Dir., FEMA*, 72 Fed.App'x 92, 97-98 (5th Cir. 2003).

### 5. DUTIES OF THE INSURED

The insured is responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, coverages and exclusions.

## 6. THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), along with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## 7. FISCAL AGENT STATUS

By statute, Texas Farmers is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Texas Farmers' fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019. Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

## 8. DEFINITIONS

Texas Farmers pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Flood, Post-FIRM, Elevated, You, Your, Valued Policy, etc. Texas Farmers further avers that said definitions must be strictly construed, interpreted and enforced.

## 9. STRICT CONSTRUCTION AND INTERPRETATION

Texas Farmers pleads that, as all claims under the SFIP are paid with U.S. Treasury funds out of segregated accounts maintained by the WYO Program carrier in compliance with the

"Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution. *See* 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties.

### 10. U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

### 11. CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the insureds' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the insured is seeking under the policy, the insured must meet the burden of proof to establish his pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the prompt written notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly plead herein by reference.

### 12. DOCUMENTATION AND PROOF OF COMPLETED REPAIRS

Texas Farmers asserts that Plaintiff failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in any pre-suit demands. Pursuant to Article VII(K) of the SFIP, Texas Farmers is specifically requesting in writing that the insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash

values, amounts of loss claimed, and any written plans, line-by-line item estimates and specifications for repair. Further, as per Articles VII(J)(3) and VII(V), the insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress. Additionally, the insured should provide the requested documentation in such a format as to clearly show how the materials, supplies and repairs correlate to the damaged items claimed.

### 13. WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements. *See* 44 C.F.R. §§ 61.13(d), 62.23(k); SFIP Article VII(D), which are pled herein as though contained *in extenso*. Texas Farmers affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. The Federal Insurance Administrator ("FIA") is the sole authority.

### 14. TIME LIMITATIONS

In the event Plaintiff's lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Texas Farmers, then Plaintiff's suit is time barred. *See* 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

### 15. NO BREACH OF DUTY

There was no breach of any duty owed by Texas Farmers to Plaintiff. There was no causation and no damage attributable to any alleged act, error or omission by Texas Farmers in this case. Texas Farmers avers that Plaintiff has not been damaged as a result of any alleged action or inaction on the part of Texas Farmers.

### 16. MITIGATION

If any of the insureds' damages are a result of a failure by the insured to take reasonable

steps to mitigate the loss, those damages are not recoverable.

### 17. CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C §§ 1011-15), Texas Farmers asserts under the Commerce Clause that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Texas Farmers respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

### 18. PAYMENT FOR THE HANDLING OF CLAIMS

Texas Farmers has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an insured under an SFIP. In other words, the greater the amount paid to an insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

### 19. PRIOR PAYMENTS

Texas Farmers asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

### 20. LOSS PAYMENT AND LOSS PAYEES

Texas Farmers asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as an affirmative defense. In the event of any recovery by Plaintiff, Texas Farmers affirmatively

asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

### 21. IMPROPER PAYMENTS INFORMATION ACT

Unless Plaintiff can establish that she has submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. § 3321 note (Supp. III 2003).

### 22. PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim, policy issuance and administration of an existing SFIP are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre-judgment and post-judgment interest, etc.

### 23. NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

### 24. PRE-EXISTING AND CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no pre-existing or consequential damages are allowed including any mental anguish.

### 25. CLAIMS ADJUSTMENTS

Texas Farmers pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement", WYO Companies will adjust claims in

accordance with general Company standards, guided by the NFIP Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

### 26. NOT GENERAL AGENT

Texas Farmers is not the general agent of the U.S. Government.  *See* 44 C.F.R. § 62.23(g).

### 27. SFIP IS A SINGLE RISK POLICY

Plaintiff is not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See* Articles I and II(B)(21) of the SFIP.

### 28. COMPLIANCE REQUIREMENT

Texas Farmers asserts as an affirmative defense 44 C.F.R. § 60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood plain management plan. The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

### 29. LIMITATIONS OF COVERAGES

Texas Farmers avers as an affirmative defense those provisions and limitations of coverage contained at ARTICLE III of the SFIP.

### 30. PROPERTY COVERED

Texas Farmers asserts as an affirmative defense the provisions of ARTICLE III-PROPERTY COVERED which includes those specific items of property for which coverage is provided and/or restricted under the SFIP even if the damages to those items were caused directly

by or from flood.

### 31. PROPERTY NOT COVERED

Texas Farmers avers as an affirmative defense the provisions of ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP, including but not limited to land, land values, fences, even if the damages to those items were caused directly by or from flooding.

### 32. EXCLUSIONS

Texas Farmers avers as an affirmative defense those exclusions contained in ARTICLE V – EXCLUSIONS, particularly including but not limited to water, moisture, mildew, mold exclusions, wind and wind storm. Specifically, Texas Farmers avers that damages caused by earth movement are excluded. *See* 44 C.F.R. Pt. 61, App. A(1), Art. V(C).

### 33. LOSS SETTLEMENT

Texas Farmers avers as an affirmative defense the provisions set forth in 44 C.F.R. Pt. 61, App. A(1), Article VII(V) – LOSS SETTLEMENT.

### 34. PRIOR LOSS

If it is determined that Plaintiff's property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, but proper repairs were not made to the property, then Texas Farmers avers that payment cannot be made again for those same damages. The burden is on Plaintiff to present proof that the prior loss was remediated and that additional payments are not duplicative. Texas Farmers asserts, but is not limited to SFIP Article VII(K) in this regard.

### 35. APPRAISAL CLAUSE

If Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full

and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Texas Farmers affirmatively asserts and invokes the appraisal clause of the SFIP. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

### 36. AGENT OF THE INSURED

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

### 37. BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiff seeks to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

### 38. OFFSET AND DOUBLE RECOVERY

There can be no double recovery for the alleged flood damages. Moreover, Texas Farmers would be entitled to an offset of the percentage of liability attributable to third parties. In addition, Plaintiff's claims may be barred or reduced in part by the comparative negligence of Plaintiff or third parties that contributed to Plaintiff's negligence.

### 39. PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). It is Plaintiff's burden to establish that she strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).   Texas Farmers specifically asserts that Plaintiff failed to timely

submit a valid, properly signed and sworn Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support her claim for U.S. Treasury funds. As such, Plaintiff is barred from recovery.

### 40. PROMPT WRITTEN NOTICE

Texas Farmers avers that Plaintiff failed to provide prompt written notice of the loss as required by Art. VII(J)(1) of the SFIP.

### 41. DIRECT PHYSICAL LOSS BY OR FROM FLOOD

Texas Farmers avers that there was no damage caused directly by or from flood associated with Hurricane Laura that occurred on or about August 27, 2020.

### 42. DEDUCTIBLE

Texas Farmers avers that when a loss is covered under the SFIP, the WYO will pay only that part of the loss that exceeds the applicable deductible amount, subject to the limit of liability that applies. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VI.

### 43. RE-INSPECTION OF PROPERTY

Texas Farmers asserts that it has not been given the opportunity to re-inspect the insured property pursuant to Plaintiff's request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2). *See* the provisions of the FEMA NFIP *Flood Insurance Claims Handbook*, at page 7, which Texas Farmers asserts as a right and a defense.

### 44. OVERHEAD AND PROFIT

In an abundance of caution, Texas Farmers asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiff is not entitled to overhead and profit. Further, Texas Farmers asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

### 45. OFFICE OF GENERAL COUNSEL REVIEW

Texas Farmers asserts that it reported this litigation to FEMA after it was served with this lawsuit as required per the "Arrangement," and that Texas Farmers has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

### 46. ANTI-ASSIGNMENT OF CLAIMS ACT

Texas Farmers asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

### 46. THE ARRANGEMENT

Texas Farmers, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/sites/default/files/2020-10/fema_fy-21-wyo-financial-subsidy-arrangement_october-2020.pdf.

### 47. FEMA FLOOD INSURANCE MANUAL

Texas Farmers asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiff's SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. *See* https://www.fema.gov/flood-insurance-manual.

### 48. FEMA BULLETINS

Per the "Arrangement" (at Arts. III(A)(2) and (G)), Texas Farmers shall abide by written guidance published by FEMA.

### 49. FEMA CLAIMS MANUAL

Texas Farmers asserts that the FEMA Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of Plaintiff's SFIP. *See* the FEMA Claims Manual at https://www.fema.gov/flood-insurance/work-with-nfip/manuals#claims.

### 50. THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS

The SFIP, codified at 44 C.F.R. Pt. 61, App. A(1), is the best evidence of the terms and conditions of said federal insurance policy.

### 51. NO JURY TRIALS ARE ALLOWED

Because U.S. Treasury funds are used to pay flood loss claim, the Seventh Amendment right to a jury trial does not apply.

### 52.    WAIVER AND ESTOPPEL

Texas Farmers asserts there can be no waiver or estoppel in the context of the NFIP.

### 53.    DECLARATORY JUDGMENT IS NOT AVAILABLE

Texas Farmers asserts because the request for declaratory judgment is duplicative and redundant of the claim for Breach of Contract, the declaratory judgment request is procedurally improper and should be dismissed pursuant to Fed.R.Civ.Proc. Rule 12(f).

### 54. DENIAL OF REMAINING ALLEGATIONS

Texas Farmers affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in Plaintiff's First Amended Petition that have not been specifically admitted are hereby denied.

### 55. RESERVATION OF RIGHTS

To the extent permitted by law, Texas Farmers reserves its right to supplement and amend its Answer to Plaintiff's First Amended Petition and to assert additional affirmative defenses as future discovery may warrant and require.

### PRAYER

WHEREFORE, Defendant, Texas Farmers Insurance Company, respectfully prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that, after all due

proceedings are had, there be judgment herein dismissing all claims of Plaintiff against Defendant with prejudice, and at Plaintiff's costs.

Dated: November 29, 2021.

Respectfully submitted,

**NIELSEN & TREAS, LLC**

*/s/Kim Tran Britt*
Kim Tran Britt
USDC SDTX # 594865
Louisiana State Bar No. #24896
3838 North Causeway Boulevard
Suite 2850
Metairie, Louisiana 70002
Telephone: 504-837-2500
Facsimile: 504-603-0730
Email: kbritt@nt-lawfirm.com

AND

**BAKER HOSTETLER, LLP**

*/s/ Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Federal ID No. 19437
Bradley K. Jones
State Bar No. 24060041
Federal ID No. 931122
Ryan A. Walton
State Bar No. 24105086
Federal ID. No. 3278426
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Email: ddarche@bakerlaw.com
Email: bkjones@bakerlaw.com
Email: rwalton@bakerlaw.com

***Counsel for Defendant,***
***Texas Farmers Insurance Company***

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 29, 2021, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system, which will send notice of electronic filing as follows:

Omar Ochoa
OMAR OCHOA LAW FIRM PC
121 N. 10TH Street
McAllen, Texas 78501
Email: oochoa@omarochoalaw.com

Victor Rodriguez, Jr.
VICTOR RODRIGUEZ LAW FIRM PLLC
121 N. 10th Street
McAllen, Texas 78501
Email: victor@vrodriguezlaw.com

*Attorneys for Plaintiff*

                                           */s/ Kim Tran Britt*
                                           Kim Tran Britt