UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

SARAI AGUILAR,
    Plaintiff,

v.

TEXAS FARMERS INSURANCE
COMPANY,
    Defendant.

CIVIL ACTION NO.:
7:21-cv-00449

**************************************************************************

**MEORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF TEXAS FARMERS INSURANCE COMPANY**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company ("Texas Farmers"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"),[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent"[3] of the United States and at the expense of the United States,[4] which files this Memorandum and attached exhibits in support of its Motion for Summary Judgment. Texas Farmers submits that the indisputable record evidence establishes that Plaintiff failed to file this lawsuit in the proper United States District Court within one year of the first denial of all or part of her flood claim and therefore Plaintiff's claims are time barred pursuant to Article VII(R) of Plaintiff's Standard Flood Insurance Policy ("SFIP"), and Plaintiff failed to submit to Defendant, on or before the FEMA-prescribed deadline, a Proof of Loss" with competent supporting

---

[1] *See* 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).
[4] *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

1

documentation, as specifically required by SFIP Articles VII(J)(3) and VII(J)(4) to recover the additional U.S. treasury dollars now sought in this lawsuit. As a result, Plaintiff failed to satisfy the conditions precedent provisions of the SFIP also found at Article VII(R) and all of Plaintiff's claims against Texas Farmers seeking payment of additional federal flood benefits fail as a matter of law and must be dismissed with prejudice.

In addition, Plaintiff's extra-contractual claims against Texas Farmers for DTPA violations, unfair insurance practices, breach of the duty of good faith and fair dealing, delay in payment and exemplary damages for bad faith seeking damages under Texas state law regarding the way in which Texas Farmers handled the Plaintiff's NFIP flood claims are barred and/or preempted as a matter of federal law, and therefore, must be dismissed with prejudice as well. Based on the jurisprudence and arguments contained herein, Texas Farmers submits there are no genuine issues as to any material facts, and Texas Farmers is entitled to judgment as a matter of law.

**I.      NATURE AND STAGE OF PROCEEDING**

On or about October 27, 2021, Plaintiff, Sarai Aguilar, filed her lawsuit against Fire Insurance Exchange in the County Court at Law #4 in Hidalgo County, Texas. On November 22, 2021, Plaintiff filed her Frist Amended Original Petition and Request for Disclosure in the County Court at Law #4, Hidalgo County, Texas, which substituted Texas Farmers Insurance Company in place of Fire Insurance Exchange as the proper defendant. (Dkt. 1) Texas Farmers Insurance Company is the WYO Program carrier that issued Plaintiff's Standard Flood Insurance Policy ("SFIP"), bearing policy number 87056204402020 at issue in this lawsuit. (Exs. A, B & C)

Plaintiff, Sarai Aguilar, alleges that Texas Farmers breached her NFIP SFIP by failing to pay the full amount of flood damages to Plaintiff's property resulting from Hurricane Laura on or about August 27, 2020. Plaintiff also alleges bad faith and seeks damages for damages in either

law or equity, either general or special, including declaratory judgment against Texas Farmers for actual attorney's fees, cost, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damages arising out of Texas Farmers' denial of Plaintiff's claim. Plaintiff also seeks a jury trial, which is not available for claims seeking federal flood benefits[5]. (Dkt. 1)

The insurance policy at issue is a NFIP SFIP, therefore on November 23, 2021, Defendant, Texas Farmers, removed Plaintiff's lawsuit from Hidalgo County, Texas to this United States District Court pursuant to SFIP Article VII(R), which mandates that any lawsuit seeking payment of flood benefits under the SFIP must be brought in the United States District Court where the property was located at the time of the loss within one year of the first denial of all or part of the claim. (Dkt. 1, Ex. C, p. 20) On November 29, 2021, Texas Farmers filed its Answer and Affirmative Defenses. (Dkt. 5)

On July 5, 2022, the Court issued its First Amended Scheduling Order which provides that dispositive motions shall be filed no later than October 19, 2022. (Dkt. 13) Texas Farmers hereby files this Motion for Summary Judgment with supporting memorandum and exhibits in compliance with the Court's First Amended Scheduling Order. Based on established jurisprudence from the Fifth Circuit, Plaintiff's claims against Texas Farmers fail as a matter of law and summary judgment is warranted.

## II.   ISSUES PRESENTED

1)   Whether Plaintiff's claims against Texas Farmers are time barred due to Plaintiff's failure to file her lawsuit in the proper United States District Court within one year of the first

---

[5] See *Grissom*, 678 F.3d. 397, 402 (5th Cir. 2012).

denial of all or part of her claim in violation of SFIP Art. VII(R)?

2) Whether Plaintiff's failure to submit a timely sworn Proof of Loss in accordance with Article VII(J) of the SFIP swearing to a sum certain and providing sufficient documentation and specifications of the damaged building and repair estimates to support a claim for supplemental payment of federal flood benefits for the alleged August 27, 2020 flood loss is a complete bar to recovery as a matter of federal law?

3) Whether Plaintiff's failure to satisfy all conditions precedent for the August 27, 2020 flood loss prior to filing the instant lawsuit, *i.e.,* failing to timely file suit in the proper U.S. District Court and failing to submit a pre-suit, signed and sworn Proof of Loss, as required by Article VII(R) of the SFIP is a complete bar to her recovery as a matter of federal law?

4) Whether Plaintiff's state-law based extra-contractual claims for damages in either law or equity, either general or special, including declaratory judgment against Texas Farmers for actual attorney's fees, cost, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damages arising out of Texas Farmers' denial of Plaintiff's claim are preempted and barred by federal constitutional, statutory and regulatory law?

The short answer to these questions is "Yes". Therefore, Texas Farmers submits that there are no genuine issues of material fact and summary judgment should be granted as a matter of law, thereby dismissing all of Plaintiff's claims against Texas Farmers with prejudice.

### III. SUMMARY OF THE ARGUMENTS

It is Plaintiff's burden of proof to prove the exact amount of the judgment she seeks. *Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 392 n.1 (5th Cir. 2009). It is not the

Court's role to "guess" at either (A) what amount the Plaintiff is seeking, or (B) that amount to which she is entitled. *Mahood v. Omaha Prop. & Cas.,* 174 F.Supp.2d. 284, 293 (E.D.Pa. 2001).

Plaintiff's lawsuit is due to be dismissed, because Plaintiff failed to file the lawsuit timely in the proper United States District Court[6] and failed to submit a Proof of Loss attesting to a sum certain and providing sufficient documentation of the flood loss as mandated by Articles VII(J)(3) and VII(J)(4) of the SFIP within sixty (60) days of the loss and prior to filing suit.[7] As a result, Plaintiff failed to comply with all conditions precedent prior to filing suit as mandated by SFIP Article VII(R).[8] Plaintiff's failure to comply with the Proof of Loss and documentation provisions of the SFIP prior to filing suit, in violation of the conditions precedent provisions of SFIP Article VII(R), precludes her right to file suit and bars her recovery of any additional flood benefits under her SFIP as a matter of federal law.[9] Therefore, Plaintiff's claims against Texas Farmers are time barred, fail as a matter of law and are due to be dismissed with prejudice.

In addition, Plaintiff's state-law based extra-contractual claims for damages in either law or equity, either general or special, including declaratory judgment against Texas Farmers for actual attorney's fees, cost, mental anguish, DTPA violations, Texas insurance code violations,

---

[6] See *Cohen v Allstate,* 924 F.3d 776 (5th Cir. 2019), *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 633-634 (4th Cir. 2017), *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943 (6th Cir. 2002), *St. Germain Place Owners Ass'n, Inc. v. Texas Farmers Ins. Co.*, 2012 WL 2564441, *2 (S.D.Tex. June 29, 2012)

[7]. See *Forman v. FEMA*, 138 F.3d 543, 546 (5th Cir. 1998); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Wright v. Allstate*, 415 F.3d 384, 388 (5th Cir. 2005); *Kidd v. State Farm Fire & Cas. Co.*, 392 Fed. Appx. 241, 243-244 (5th Cir. Aug, 2010); *Wientjes v. American Bankers Ins. Co. of Florida*, 339 Fed. Appx. 483, 485-486 (5th Cir. Aug. 5, 2009); *Richardson v. American Bankers Ins. Co. of Florida*, 279 Fed. Appx. 295, 298-299 (5th Cir. Feb. 27, 2008); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 532 (5th Cir. 2015); and *Northgate County Club Management, LLC v. Philadelphia Indemnity Ins. Co.*, 2020 WL 3250977, *3 (S.D. Tex June 16, 2020).

[8] *See Yanez v. Am. Strategic Ins. Co.,* 757 Fed. Appx. 384 (5th Cir. 2019)*, Miller v. Am. Strategic Ins. Corp.*, 665 Fed.Appx. 351, (5th Cir. 2016); *Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d 529, 532 (5th Cir.2015); *Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008); *Richardson v. Am. Bankers Ins. Co. of Florida*, 279 Fed. Appx. 295, 298-299 (5th Cir. 2008); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387-388 (5th Cir. 2005); *4-Mali, LLC v. Bankers Ins. Co.*, 82 Fed. Appx. 970, 970 (5th Cir. 2003); *Gowland*, 143 F.3d at 953-54 (5th Cir. 1998); and *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).

[9] *See Yanez,* 757 Fed. Appx. 384 (5th Cir. 2019)*, Miller v. Am. Strategic Ins. Corp.*, 665 Fed.Appx. 351, (5th Cir. 2016); *Ferraro*, 796 F.3d at 532 (5th Cir.2015); *Marseilles*, 542 F.3d at 1056 (5th Cir. 2008); *Richardson*, 279 Fed. Appx. at 298-299 (5th Cir. 2008); *Wright*, 415 F.3d at 387-388 (5th Cir. 2005); *4-Mali*, 82 Fed. Appx. 970 (5th Cir. 2003); *Gowland*, 143 F.3d at 953-54 (5th Cir. 1998); and *Forman*, 138 F.3d at 545 (5th Cir. 1998).

statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damages arising out of Texas Farmers' denial of Plaintiff's claim are preempted and barred by federal constitutional, statutory and regulatory law. Therefore, Plaintiff's extra-contractual claims are due to be dismissed.[10]

### IV.   STATEMENT OF UNDISPUTED FACTS

At all times material to this lawsuit and the claims therein, Texas Farmers was (and is) a WYO Program Carrier participating in the U.S. Government's NFIP pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.) Texas Farmers is a signatory to the *Arrangement* promulgated by the Federal Emergency Management Agency ("FEMA") in its capacity as the agency charged by Congress with running the NFIP. (Exs. A & D*)*

The SFIP at issue is the Dwelling Form SFIP, which is itself a codified federal law, found in its entirety at 44 C.F.R. Pt. 61, App. A(1). Texas Farmers issued the insured's SFIP No. 87056204402020 as a Write-Your Own Program carrier. (Exs. A, B, & C) There is no other policy of flood insurance put at issue by the Plaintiff's Complaint other than the NFIP/SFIP. (Dkt. 1)

Texas Farmers maintains a segregated account of federal flood insurance funds as required by Article II(E) of the *Arrangement*. Texas Farmers investigates, adjusts, settles and defends all claims or losses arising from the SFIPs issued under the *Arrangement*. Further, all flood payments are binding upon the Federal Insurance Administration, as per Article II(F) of the *Arrangement.* Texas Farmers pays all claims payments under SFIPs with federal funds as stated at Article III (D)(1) of the *Arrangement*. Texas Farmers pays judgments rendered against it as a WYO flood

---

[10] See, *Monistere*, 559 F.3d at 398 (5th Cir. 2009), *In re Estate of Lee v. NFIP*, 812 F.2d 253,255 (5th Cir. 1987); *Ellis v. Allstate Ins. Co*., 2005 WL 1155060, *6 (S.D. Tex. May 13, 2005); *Wright,* 415 F.3d 384 (5th Cir. 2005); *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011 (5th Cir. 1984); *West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 99 S.Ct. 424 (1979). See also, *Wright v. Allstate Ins. Co*., 500 F.3d 390, 398 (5th Cir. 2007)(denying federal common law extra-contractual claims)

6

carrier with federal funds as stated at Article III (D)(2) of the *Arrangement*. (Exs. A & D)

Texas Farmers timely reported this litigation to FEMA as is required by the *Arrangement* at Article III(D)(3)(a). Texas Farmers' legal bills for the defense of this lawsuit have been submitted to FEMA for reimbursement throughout the course of these proceedings, and FEMA has reimbursed Texas Farmers for those bills. Texas Farmers has not received any correspondence from the Federal Insurance Administrator, FEMA or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the *Arrangement* as that word is used at Article III(D)(3) of the *Arrangement*. (Exs. A & D)

No part, provision or requirement of the SFIP may be waived, altered or amended by Texas Farmers. Only the Federal Insurance Administrator may issue such a waiver and it must be in writing. (Exs. A & C, Art. VII (D))

All flood claims presented to Texas Farmers under a SFIP are paid directly with U.S. Treasury funds maintained in a segregated, separate account in compliance with Art. III(D) and Art. II(E) and (F) of the *Arrangement*. The monies the Plaintiff is seeking in this lawsuit are not the funds of Texas Farmers but are instead U.S. Treasury funds. The NFIP is not a re-insurance program. (Exs. A & D)

FEMA pays WYO Carriers (such as Texas Farmers) a fee of 1.5% of the amount paid to the insured as the fee for handling an SFIP claim. The higher the claims payment to the insured, the greater the profit the WYO Carrier receives. Similarly, the independent adjuster is paid based upon a sliding fee-scale set by FEMA (not Texas Farmers) for handling SFIP claims, and similarly, the higher the claims payment to the insured, the greater the fee the adjuster/adjusting company receives from FEMA. (See, 44 C.F.R. §62.23(i)(3), Exs. A and D at Art. III(C)(2))

Texas Farmers, in its capacity as the WYO carrier, issued SFIP number 87056204402020

to Plaintiff for the property located at 1337 Tanya Tucker Drive, Edinburg, TX 78541 for the policy term from August 9, 2020 to August 9, 2021, which provided limits of $200,000.00 for building damages and $80,000.00 for contents damages, each subject to a $1,250 deductible. (Exs. A & B) The full text of the Plaintiff's SFIP is codified and published at 44 C.F.R. Pt. 61, App. A(1). (Ex. C)

On September 29, 2020, Plaintiff reported a claim under her SFIP for damages to the property as a result flooding that allegedly occurred on or about August 27, 2020 associated with Hurricane Laura. Texas Farmers acknowledged the flood claim and assigned the flood loss to an independent adjuster as a courtesy pursuant to Articles VII(J)(7) of the SFIP. Plaintiff's property had less than 1 inch of flood water in the interior. (Exs. A & C)

The independent adjuster completed an estimate of what he deemed to be covered and payable damages caused by flood for the August 27, 2020 flood claim and prepared the appropriate proof of loss documents for Plaintiff's signature. (Ex. A)

Texas Farmers reviewed and verified the adjustment and recommendations of the independent adjuster in compliance with 44 C.F.R. §62.23, and determined that the covered and payable amount of the claim pursuant to the terms of the Plaintiff's SFIP was $787.86 for building damage under Coverage A and $0 for contents damage under Coverage B. (Ex. A)

On November 4, 2020, Texas Farmers issued a letter to Plaintiff advising that she would be paid $787.86 for her claim and that her claim to recover payment for two televisions located above the flood line was being denied. (Exs. A & E)

On November 5, 2020, Texas Farmers issued payment to the Plaintiff in the amount of $787.86 for building damage under Coverage A. (Exs. A, & F)

Pursuant to SFIP Art. VII(J), the deadline by which Plaintiff had to submit a proof of loss

with the requisite documentation to support a claim for additional payment of federal flood benefits was 60 days from the date of the August 27, 2020 loss or October 26, 2020. (Exs. A & C)

Article VII (J)(4) of the Plaintiff's SFIP requires the insured to submit a proof of loss meeting the criteria set forth in the SFIP within 60 days of the loss. (Exs. A & C) Plaintiff has never submitted a SFIP compliant proof of loss with SFIP compliant supporting documentation for the additional flood insurance benefits she seeks in this lawsuit. Additionally, no written waivers have been issued by FEMA for the Plaintiff's flood loss. (Ex. A)

## V.     LAW AND ARGUMENT

### A.     Summary Judgment Standard

Summary Judgment is appropriate when there is no genuine issue as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In this case, an examination of the pleadings and evidence presented shall demonstrate that there are no genuine issues as to any material facts, and Texas Farmers is entitled to judgment as a matter of law.

### B.     Legal Structure of the NFIP

In *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005), the Fifth Circuit summarized the National Flood Insurance Program as follows:

> The National Flood Insurance Program (the "NFIP") was established by the National Flood Insurance Act of 1968 (the "Act"), 42 U.S.C. § 4001, et seq. The Federal Emergency Management Agency ("FEMA"), an agency of the Department of Homeland Security, administers the NFIP. The NFIP has two components: (1) a flood insurance program, and (2) a unified national plan for flood management. 42 U.S.C. §§4001(b) and (c). Initially, the program operated primarily through a pool of private insurers under the supervision and with the financial support of the Department of Housing and Urban Development. In 1977, the Secretary of HUD made FEMA primarily responsible for its operation. 42 U.S.C. §4071. FEMA by regulation promulgated the Standard Flood Insurance Policy ("SFIP") and provided for marketing and claims adjustment by private insurers operating as "Write Your Own" ("WYO") companies. These companies issue SFIPs in their own names, and arrange for the adjustment, settlement, payment and defense of all claims arising from the policies. FEMA regulations establish the terms of the SFIP, rate

9

structures and premium costs. Claims are ultimately paid out of the U.S. Treasury. *Gallup* at 342.

### C. Plaintiff's Claims are Time Barred

Plaintiff's lawsuit is time barred. Texas Farmers issued a denial of all or part of Plaintiff's August 27, 2020 flood claim on November 4, 2020. (Exs. A & E) Plaintiff's lawsuit seeking additional flood benefits was removed to this federal district court and filed into the record on November 23, 2021, more than one year from the first denial of all or part of Plaintiff's August 27, 2020 flood claim. (Dkt. 1)

Plaintiff's SFIP at Article VII (R) specifically states that "[Y]ou may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of the claim…....this requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy. (Ex. C, p. 20) Plaintiff's lawsuit was not filed within one year of the first written denial of all or part of her claim, therefore her lawsuit is time barred and must be dismissed with prejudice. See *Cohen v Allstate*, 924 F.3d 776 (5th Cir. 2019), *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 633-634 (4th Cir. 2017), *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943 (6th Cir. 2002), *St. Germain Place Owners Ass'n, Inc. v. Texas Farmers Ins. Co.*, 2012 WL 2564441, *2 (S.D.Tex. June 29, 2012)

### D. Plaintiff's Breach of Contract Claim Fails as a Matter of Law

Plaintiff failed to timely submit a proper Proof of Loss in support of her claim for the August 27, 2020 flood loss for the additional federal benefits she now seeks in this lawsuit as required by Article VII(J)(4) of the SFIP. As a result, Plaintiff failed to comply with all conditions precedent prior to filing this lawsuit as required by Article VII(R) of the SFIP, and therefore all of

10

Plaintiff's claims against Texas Farmers must be dismissed as a matter of law. *Norman v. Fidelity National Ins. Co.*, 354 Fed.Appx. 934, 936-937 (5th Cir. 2009); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 532 (5th Cir. 2015)

    **1.**    **Proof of Loss Requirement: Article VII(J)(4)**

The Proof of Loss requirement is found at Article VII(J)(4) of Plaintiff's SFIP and reads as follows:

> J. Requirements in Case of Loss.
>
> In case of a flood loss to insured property, you must:
>
> 4.    Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information: (emphasis added)
>
>     a.    The date and time of loss;
>     b.    A brief explanation of how the loss happened;
>     c.    Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>     d.    Details of any other insurance that may cover the loss;
>     e.    Changes in title or occupancy of the covered property during the term of the policy;
>     f.    Specifications of damaged buildings and detailed repair estimates;
>     g.    Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>     h.    Details about who occupied any insured building at the time of loss and for what purpose; and
>     i.    The inventory of damaged personal property described in J.3. above.

(Ex. C, p. 18)

Thus, in order for Plaintiff to recover the additional flood benefits that she now seeks in this lawsuit, Plaintiff was required to submit a signed and sworn Proof of Loss, as the "statement of the amount [the Plaintiff is] claiming under the policy," along with, among other things, "[s]pecifications of damaged buildings and detailed repair estimates," and "an inventory of damaged [personal] property showing the quantity, description, actual cash value and amount of loss," all within 60 days of the date of loss, *i.e.*, on or before October 26, 2020 for the August 27,

11

2020 loss. Plaintiff has never submitted a SFIP compliant proof of loss in support of her claim to recover additional federal flood benefits for her August 27, 2020 flood claim. (See Exs. A & C)

The Proof of Loss requirement is clear and unambiguous, and it is to be strictly construed. Citing U.S. Supreme Court authority, the *Gowland* Court stated:

> As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn Proof of Loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.

*Gowland*, 143 F.3d at 954, *citing, Federal Crop. Ins. Corp. v. Merrill*, 332 U.S. 380 (1947). This is because it is U.S. Treasury funds at issue, and the Appropriations Clause of the U.S. Constitution mandates strict construction for the terms and conditions for payment of U.S. Treasury funds. *See Sanz v. U.S. Security Ins. Co.,* 328 F.3d 1314, 1318 (11th Cir. 2003); *Office of Personnel Mgmt. v. Richmond,* 496 U.S. 414 (1990). As the documentation requirement is clearly a part of the same provision of Plaintiff's SFIP requiring "strict construction" of the "Proof of Loss" requirement, Texas Farmers avers that the documentation requirement for recovery of additional U.S. Treasury funds is also due strict construction. *See Trosclair v. State Farm Fire and Cas. Co.*, 2008 WL 5157715, *3 (E.D.La. 12/9/08) As per the U.S. Fifth Circuit's ruling in *Gowland vs. Aetna* and the U.S. Eleventh Circuit's ruling in *Sanz vs. U.S. Security Ins. Co., supra*, the necessary terms and conditions present for U.S. Treasury benefits must be "strictly" construed and enforced. Even "substantial compliance" is insufficient. *See Gowland*, 143 F.3d at 953; *Sanz*, 328 F.3d at 1318.

The constitutional predicate to the federal judiciary's unwavering strict enforcement of the NFIP Proof of Loss requirement was discussed by the Ninth Circuit in *Flick, supra*, as follows:

> It is an axiomatic principle of constitutional law that the judiciary's power is limited by a valid reservation of congressional control over public funds. See *Richmond,* 496 U.S. at 425, 110 S.Ct. 2465. 'Any exercise of a power granted by the Constitution to one of the other branches of Government is limited by a valid

reservation of congressional control over funds in the Treasury.' Indeed, we would equally usurp Congress's exclusive power to appropriate money were we to award an unauthorized money claim based on a theory of substantial compliance or notice prejudice. We therefore interpret *Richmond* to preclude a court from granting a remedy that draws funds from the Treasury in a manner that is not authorized by Congress. 205 F.3d at 391.

Today, every Circuit to have taken up the issue has agreed with the Fifth Circuit's holding in *Gowland* - - strict enforcement of the rule is constitutionally required.[11]

In the present case, it is undisputed that Plaintiff did not submit a signed and sworn Proof of Loss form with supporting documentation to Texas Farmers for the additional payment of flood benefits damages that she seeks in this lawsuit for the August 27, 2020 flood loss. In addition, there is no waiver of the Proof of Loss requirement specific to this Plaintiff. (Ex. A) Therefore, the record establishes that Plaintiff's claims for payment of additional flood benefits for the August 27, 2020 flood loss violate the terms and conditions of her SFIP and are therefore barred as a matter of federal law and must be dismissed with prejudice. *Nguyen v. Texas Farmers Ins. Co.*, No. 21-40266 (5th Cir. 2021); *Cummings v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed.Appx. 221 (5th Cir. 2016); *Construction Funding, LLC v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed. Appx. 207 (5th Cir. 2016); and *Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d 529, 532 (5th Cir. 2015).

2. **Supported Proof of Loss Requirement: Article VII(J)(4)(f)(5)**

These requirements are found in the SFIP at Articles VII(J)(4)(f) and (5), which read as follows:

J. Requirements in Case of Loss.

In case of a flood loss to insured property, you must:

---

[11] *Cummings v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed.Appx. 221, 222-223 (5th Cir. 2016); *Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d 529, 532-533 (5th Cir. 2015); *Suopys v. OPAC,* 404 F.3d 805, 810 (3rd Cir. 2004); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, (4th Cir.2002)*; Neuser v. Hocker*, 246 F.3d 508, 511-512 (6th Cir. 2001)*; Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001); *Flick v. Liberty Mutual*, 205 F.3d 386, 391 (9th Cir. 2000) *cert. denied,* 531 U.S. 927 (2000); and *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1317-1318 (11th Cir. 2003).

    4.    Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

        f.    Specifications of damaged buildings and detailed repair estimates;

    5.    In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.

(Ex. C, p. 18)

Prior to filing suit and prior to the Proof of Loss deadline, the Plaintiff did not submit a proper Proof of Loss with the requisite supporting documentation using her own judgment and swearing to a sum certain to prove up and justify payment of any additional amount of federal flood benefits that she now claims in this lawsuit. (Exs. A) As a result, the Plaintiff failed to comply with the requirements of Article VII(J)(4) and/or (5) of the SFIP. (Exs. A & C, p. 18)

As such, as per binding Fifth Circuit precedents, no further benefits are payable under the Plaintiff's SFIP. *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); *Wright v. Allstate*, 415 F.3d 384 (5th Cir. 2005); *Richardson v. American Bankers*, 279 Fed.Appx. 295 (5th Cir. Feb. 27, 2008); *Nguyen v. Texas Farmers Ins. Co.*, No. 21-40266 (5th Cir. 2021); *Cummings v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed.Appx. 221 (5th Cir. 2016); *Construction Funding, LLC v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed. Appx. 207 (5th Cir. 2016); and *Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d 529, 532 (5th Cir. 2015). Therefore, all of Plaintiff's claims for the payment of flood benefits are barred as a matter of federal law and must be dismissed with prejudice.

    **3.**    **Conditions Precedent: Article VII(R)**

Due to the statutory scheme of the NFIP and the fact that U.S. Treasury funds are at stake, strict adherence to the conditions precedent for the payment of a flood claim is constitutionally required. *Gowland,* 143 F.3d at 953; *Marseilles Homeowners Condo. Ass'n., Inc. v. Fidelity Nat'l*

*Ins. Co.*, 542 F.3d 1053 (5th Cir. 2008); and *Richardson v. American Bankers Ins. Co.,* 279 Fed. Appx. 295, 299 2008 WL 510518 (5th Cir. 2008).   See also, *Jamal v. Travelers Lloyds of Texas Ins. Co.,* 131 F.Supp.2d 910, 916 (S.D.Tex., Feb. 22, 2001).   To make payments not in strict compliance with the SFIP would be contrary to Congress' mandate and would violate the Appropriations Clause of the Constitution. *Gowland,* 143 F.3d at 955.

Article VII(R) of the SFIP requires the insured to comply with all of the SFIP's requirements before filing the lawsuit. *Constr. Funding, LLC*, 636 Fed.Appx. at 209; *Richardson v. American Bankers Ins. Co.,* 279 Fed. Appx. 295, 298 (5th Cir. 2008). Failure to comply with all of the SFIP's requirements, including the timely submission of the Proof of Loss with supporting documentation requirements divests the insured of the right to even bring the lawsuit.   *Mancini v. Redland Ins. Co.*, 248 F. 3d. 729, 735 (8th Cir. 2001). In this matter, Plaintiff failed to comply with Articles VII(J)(3), VII(J)(4) and VII(R) of the SFIP as set forth herein above. Thus, Plaintiff's claims fail as a matter of federal law because Plaintiff has failed to satisfy the conditions precedent to filing this lawsuit and is thereby divested of the right to bring this lawsuit. *Cummings v. Fidelity Nat. Indem. Ins. Co.*, --Fed.Appx.--; 2016 WL 197178, *3 (5th Cir. January 15, 2016); *Construction Funding, LLC v. Fidelity Nat. Indem. Ins. Co.*, --Fed.Appx.--; 2016 WL 104406, *1 (5th Cir. January 8, 2016); *Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

As a result of the foregoing, Defendant respectfully contends that there is no means by which anything may be paid on the Plaintiff's claims. To do so would violate the Appropriations Clause of the U.S. Constitution as illustrated in *Flick v. Liberty Mutual Fire Ins. Co.,* 205 F.3d 386 (9th Cir. 2000). Accordingly, all of Plaintiff's claims under her SFIP should be summarily dismissed.

### E. Plaintiff's Extra-Contractual Claims are Preempted and Barred by Federal Law

In addition to the breach of contract claim, Plaintiff asserts extra-contractual claims for bad faith seeking damages in either law or equity, either general or special, including declaratory judgment against Texas Farmers for actual attorney's fees, cost, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damages arising out of Texas Farmers' denial of Plaintiff's claim.

It is well settled that these claims are preempted and barred by federal constitutional, statutory and regulatory law.[12] The Fifth Circuit has repeatedly held that all state law based extra-contractual claims arising out of the handling of the flood loss claim are preempted and barred by federal law. See, *Gallup*, 434 F.3d at 345, and *Wright I*, 415 F.3d at 390. Further, in *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007)(*Wright II*), the Fifth Circuit held extra-contractual claims raised under federal common law were also barred. Thus, regardless of whether Plaintiff tries to cast her extra-contractual claims under state law or federal law, these claims are barred as a matter of law. *Grissom v. Liberty Mutual Fire Ins. Co.*, 678 F.3d 397, 400 (5th Cir. 2012)

In *Davenport v. Fidelity Nat'l Prop & Cas. Ins. Co.*, 2012 WL 929610 (E.D. Tex. Feb. 27, 2012), Plaintiff sued the WYO carrier for breach of his SFIP and state law violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, breach of fiduciary duty, misrepresentation and common law fraud by negligent misrepresentation. The WYO carrier moved for summary judgment in part claiming that

---

[12] See, *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005), *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011 (5th Cir. 1984), *West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 99 S.Ct. 424 (1979).

all of these extra-contractual claims are preempted as a matter of federal law. The District Court granted summary judgment and dismissed all extra-contractual claims raised under state and federal law as barred as a matter of federal law. Specifically, the District Court stated the following:

> Any extraneous claims outside of the contractual terms of the SFIP are barred as a matter of law. See. E.g., Wright I, 415 F.3d at 390; *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir.); cert. Denied 552 U.S. 1184, 128 S.Ct. 1248, 170 L.Ed.2d 66 (2008)("*Wright II*"). The Fifth Circuit clearly holds that state law extra-contractual claims brought in conjunction with a federal NFIA breach of contract claim are preempted by federal law. *See Bandeaux v. Allstate Ins. Co.*, No. 1:08-CV-317, 2009 WL 678756, 2009 U.S. Dist. LEXIS 60323 at *5, (E.D. Tex. Feb. 11, 2009) (Hines, J.) (*citing Wright I*, 415 F.3d at 390). In *Wright I*, the Fifth Circuit affirmed dismissal of plaintiff's state law claims for violations of the Texas Insurance Code, Deceptive Trade Practices Act, breach of common law duty of good faith and fair dealing, fraud and negligent misrepresentation. *Wright I*, 415 F.3d at 386. *Wright I* specifically holds that "state law tort claims arising from claims handling by a WYO are preempted by federal law." *Id.* At 390. This principle extends also to federal common law extra-contractual claims. *See Wright II*, 500 F.3d at 398. Nowhere in the NFIA or the SFIP does Congress explicitly reference any right of a policy holder to bring extra-contractual claims against a WYO insurer. *Wright II*, 500 F.3d at 394. Courts in this district have reached the same conclusion. *See, e.g., Bandeaux* (citing *Scritchfield v. Mutual of Omaha Ins. Co.,* 341 F.Supp.2d 675 (E.D.Tex.2004) (Clark, J.) and *Hanak v. Talon Ins. Agency, Ltd.,* 470 F.Supp.2d 695 (E.D.Tex.2006) (Crone, J.)).

*Davenport*, 2012 WL 929610 at *9

\* \* \* \*

> Furthermore, because federal treasury funds are utilized to pay claims under the SFIP, any claim for interest on SFIP funds is preempted as a matter of federal law. *Newton v. Capital Assurance Co., Inc.,* 245 F.3d 1306, 1309–10 (11th Cir.2001) (holding that "no-interest rule prohibits awards of prejudgment interest against WYO companies"). Finally, attorneys' fees are also not available in a suit for SFIP funds under the Equal Access to Justice Act. *See Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.,* 565 F.3d 284, 289 (5th Cir.2009) (holding that WYO not liable for attorneys' fees under Equal Access to Justice Act).

*Id.*, at *10

Other U.S. Appellate Courts have also held that such claims are barred and pre-empted. See *Psychiatric Solutions, Inc. v. Fidelity Nat'l Prop. & Cas. Ins. Co*., 652 Fed.Appx.122 (3rd Cir.

2016); *C.E.R. 1988, Inc., v. Aetna Cas. & Sur. Co.*, 386 F.3d 263 (3rd Cir. 2004); *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 637 (4th Cir. 2017); *Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005); *Gibson v. American Bankers*, 289 F.3d 943 (6th Cir. 2002); *Gunter v. Farmers Ins. Co.*, 736 F.3d 768 (8th Cir. 2013); *Pecarovich v. Allstate Ins. Co.*, 135 Fed.Appx. 23 (9th Cir. 2005); *Remund v. State Farm Fire and Cas. Co.*, 483 Fed.Appx. 403 (10th Cir. 2012); and *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co*., 508 F.3d 1337 (11th Cir. 2007).

For these reasons, Plaintiff's extra-contractual claims are due to be dismissed as they are preempted and barred by federal law.

## CONCLUSION

For the reasons set forth herein, Defendant, Texas Farmers Insurance Company, prays that this Honorable Court grant this Motion for Summary Judgment and issue an Order dismissing all of Plaintiff's claims against Texas Farmers Insurance Company with prejudice and at Plaintiff's cost.

Dated: September 20, 2022

Respectfully submitted:

**NIELSEN & TREAS, LLC**

*/s/Keith M. Detweiler*
Keith M. Detweiler
Texas State Bar No. 24052089
Federal ID No. 968480
Louisiana State Bar No. 20784
3838 North Causeway Boulevard
Suite 2850
Metairie, Louisiana 70002
Telephone: 504-837-2500
Facsimile: 504-603-0730
Email: kdetweiler@nt-lawfirm.com

AND

**BAKER HOSTETLER, LLP**

*/s/ Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Federal ID No. 19437
Bradley K. Jones
State Bar No. 24060041
Federal ID No. 931122
Ryan A. Walton
State Bar No. 24105086
Federal ID. No. 3278426
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Email: ddarche@bakerlaw.com
Email: bkjones@bakerlaw.com
Email: rwalton@bakerlaw.com

*Counsel for Defendant,*
*Texas Farmers Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, copies of this pleading have been served upon all parties or their attorneys in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the Electronic Mail, which will send notice of electronic filing as follows:

Omar Ochoa
OMAR OCHOA LAW FIRM PC
121 N. 10TH Street
McAllen, Texas 78501
Email:   oochoa@omarochoalaw.com

Victor Rodriguez, Jr.
VICTOR RODRIGUEZ LAW FIRM PLLC
121 N. 10th Street
McAllen, Texas 78501
Email: victor@vrodriguezlaw.com

*Attorneys for Plaintiff*

    */s/ Keith M. Detweiler*
    Keith M. Detweiler