Case 7:21-cv-00449   Document 15   Filed on 10/18/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SARAI AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:21-cv-00449 |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers Defendant's motion for summary judgment.[1] Plaintiff did not respond, so by operation of the Local Rules, the motion is unopposed.[2]

### I. BACKGROUND AND PROCEDURAL HISTORY

Sarai Aguilar ("Plaintiff") commenced this case in state court on October 27, 2021 against "Fire Insurance Exchange."[3] Plaintiff later amended her petition, changing the defendant to Texas Farmers Insurance Company ("Defendant"),[4] a Write-Your-Own ("WYO") Program carrier participating in the United States Government's National Flood Insurance Program ("NFIP").[5] In the amended complaint, Plaintiff alleges that she "sustained covered losses" from a "windstorm event" and Defendant has failed to pay pursuant to the terms of the parties' insurance policy.[6] Defendant removed the case to this Court on November 23, 2021.[7] Because this case involves the

---

[1] Dkt. No. 14.
[2] L.R. 7.4.
[3] Dkt. No. 1-2 at 2.
[4] Dkt. No. 1-3 at 1.
[5] Dkt. No. 14.
[6] *Id.* at 2–4.
[7] Dkt. No. 1.

federal NFIP,[8] this Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 4072.[9] The parties concur that this Court has jurisdiction.[10]

This Court's first amended scheduling order set a discovery deadline of September 28, 2022.[11] A week before the close of discovery, Defendant filed the instant motion for summary judgment.[12] Plaintiff did not file a response.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[14]

To be granted summary judgment, the movant must demonstrate that there are no disputes over genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[15] To demonstrate the absence of a genuine dispute of material fact, the movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[16] and must "articulate precisely how this evidence supports his claim,"[17] to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[18] If the movant fails to meet its initial burden, the motions for summary judgment "must

---

[8] *See id.* at 5, ¶¶ 8–13.
[9] *Ekhlassi v. Nat'l Lloyds Ins. Co.*, 926 F.3d 130, 135–36 (5th Cir. 2019).
[10] Dkt. No. 8 at 2, ¶¶ 5–6.
[11] Dkt. No. 13.
[12] Dkt. No. 14.
[13] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[15] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).
[16] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").
[17] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[18] *Celotex Corp.*, 477 U.S. at 322 (quoting FED. R. CIV. P. 56(c)).

be denied, regardless of the nonmovant's response."[19] Accordingly, the Court may not enter summary judgment by default,[20] but may accept a movant's facts as undisputed if they are unopposed.[21]

### III. DISCUSSION

#### A. *Statutory and regulatory requirements for the insured to file suit*

The Standard Flood Insurance Policy ("SFIP") and "all disputes arising from the handling of a claim under it are governed exclusively by the NFIA, the flood insurance regulations issued by the [Federal Emergency Management Agency ("FEMA")], and federal common law."[22] "[A]n insured cannot file a lawsuit seeking further federal benefits under [a SFIP] unless the insured, can show prior compliance with all policy requirements."[23] "Because flood losses, whether insured by FEMA or a participating WYO insurer are paid out of the National Flood Insurance Fund, a claimant under a [SFIP] must comply strictly with the terms and conditions that Congress has established for payment."[24] When ordering recovery against the public treasury, courts have a duty to observe the conditions set out by Congress as defined by regulation.[25]

The SFIP time-related condition, codified at 44 C.F.R. pt. 61, App. A(1), provides in relevant part as follows:

---

[19] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).
[20] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).
[21] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition").
[22] *Garcia v. Foremost Ins. Co. of Grand Rapids, Mich.*, No. 1:18-CV-00566-MAC, 2020 U.S. Dist. LEXIS 79682 (E.D. Tex. 2020) (J. Hawthorn) (citing 44 C.F.R. pt. 61, App. A(1) and *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984)) (much of the remaining statutory analysis is drawn from Judge Hawthorne's opinion).
[23] *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (citing 44 C.F.R. pt. 61, App. (A)(1), Art. VII(R)).
[24] *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 131 F. Supp. 2d 910, 916 (S.D. Tex. 2001) (quoting *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 394 (9th Cir. 2000)); *see also Marseilles*, 542 F.3d at 1057 ("Under FEMA regulations, strict adherence is required to all terms of the SFIP.")
[25] *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998) (quoting *OPM v. Richmond*, 496 U.S. 414, 420 (1990)).

**O.** You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, **you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court** of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.[26]

### B. Analysis

Here, Defendant alleges that Plaintiff's claim is time-barred by the SFIP Art. VII(O)'s 1 year deadline to sue. The alleged storm damage occurred on August 27, 2020.[27] Plaintiff reported her claim with Defendant on September 29, 2020,[28] and the claim was partially denied on November 4, 2020.[29] Plaintiff filed suit in *state court* on October 27, 2021,[30] and Defendants removed on November 23, 2021.[31]

Presumably because the SPIP requires Plaintiff to file in federal court, Defendants use November 23, 2021, as the date on which the suit was "started" for purposes of the time bar.[32] There is more than one year between the denial on November 4, 2020, and removal on November 23, 2021, so the claim is disallowed under the SFIP.

Filing in state court does not toll the SFIP statute of limitations. "Courts that have analyzed the issue have concluded that filing in state court does not toll the statute of limitations."[33] "[C]ommencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations."[34]

---

[26] 44 C.F.R. pt. 61, App. A(1), Art. VII(O) (emphasis added).
[27] Dkt. No. 1-2 at 4.
[28] Dkt. No. 14-2 at 3.
[29] Dkt. No. 14-6.
[30] Dkt. No. 1-2 at 2.
[31] Dkt. No. 1.
[32] Dkt. No. 14-1 at 10.
[33] *Robbins v. Forgash*, No. 13-0624 (NLH/JS), 2014 U.S. Dist. LEXIS 106044, at *10 (D.N.J. 2014) (compiling cases).
[34] *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 634 (4th Cir. 2017).

To recover money under a SFIP, Plaintiff was strictly required[35] to file suit in federal court by November 4, 2021. She did not do so. Therefore, the entire suit is time barred. Defendant has included arguments related to several other areas of Plaintiff's noncompliance with the SFIP terms and conditions, but this Court's analysis of those topics is unnecessary.

### IV. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.[36] Any action for recovery must have been initiated in federal court by November 4, 2021, but Plaintiff did not meet that requirement. A separate final judgment will issue, pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of October 2022.

                                                                        Micaela Alvarez
                                                    United States District Judge

---

[35] *See Marseilles*, 542 F.3d at 1057.
[36] Dkt. No. 14.